EXHIBIT #1

Rec 203306

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF GRAND TRAVERSE

JOSHUA VANDERHORST,

        Plaintiff,

v

CPM ACQUISITION CORP.,
d/b/a CENTURY EXTRUSION,

        Defendant.

Case No. 22- 36181    -CZ

HON.

Bradley K. Glazier (P35523)
Robert M. Howard (P80740)
BOS & GLAZIER, P.L.C.
Attorneys for Plaintiff
990 Monroe Avenue, N.W.
Grand Rapids, MI 49503
(616) 458-6814

2022 APR 26  PM 3:34
BONNIE SCHEELE
COUNTY CLERK
GRAND TRAVERSE CO.

### **COMPLAINT AND JURY DEMAND**

Plaintiff Joshua Vanderhorst ("Vanderhorst"), by his counsel, Bos & Glazier, P.L.C.,

states the following as his Complaint against Defendant CPM Acquisition Corp., d/b/a

Century Extrusion ("CPM"):

### **JURISDICTIONAL ALLEGATIONS**

1.     This is an action for wrongful discharge brought under the Whistleblowers'

Protection Act, MCL 15.361, *et seq.*

2.     Vanderhorst is a citizen of the United States and the State of Michigan.  He

resides in Grand Traverse County.

00151596.WPD

3.      Vanderhorst is a person who performed a service for wages, and was a covered "employee" under the Whistleblowers' Protection Act, MCL 15.361(a).

4.      Defendant CPM, is a Delaware corporation, located in Grand Traverse County. CPM does business at 2412 W Aero-Park Ct, Traverse City, Michigan. Defendant CPM was Plaintiff's employer.

5.      Defendant CPM is a covered "employer" under the Whistleblowers' Protection Act, MCL 15.361(b).

6.      The amount in controversy substantially exceeds this Court's jurisdictional limit of $25,000, exclusive of interest, costs, and attorneys fees.

7.      Venue and jurisdiction are appropriate in this Court pursuant to MCL 15.363(2) as defendant CPM is located in Grand Traverse County, Michigan, Plaintiff resides in Grand Traverse County, and the actions of defendant giving rise to this Complaint occurred in Grand Traverse County, Michigan.

**GENERAL ALLEGATIONS**

8.      Plaintiff Vanderhorst began his employment with Defendant CPM on or about October 13, 2013. His position was CNC machinist. In 2018,  Vanderhorst left CPM for about six months and returned to CPM on or about July 9, 2018, in the same position.

9.      Vanderhorst received praise for his work and merit raises during his eight years of employment.

10.      Vanderhorst followed safety protocols while employed at CPM.

11.      There had been instances where other CPM employees did not follow safety protocols, including following hazardous energy standards ("lock out, tag out procedures") when servicing  machines, and were not disciplined for their actions.

00151596.WPD                                        2

12.    Control of hazardous energy and standards for servicing electrical machinery are governed by state and federal safety regulations.

13.    In early January of 2022, there was an incident at CPM where an employee was moving a live wire out of a machine and it arced to the machine. There was loud bang from the high-voltage electrical arc.

13.    While no one was injured in this incident, the potential for a serious injury was present, due to the failure to follow OSHA and Michigan Occupational Safety and Health Administration ("MIOSHA") standards.

14.    Following this incident, Vanderhorst told other employees in the shop that "someone should call OSHA" about the incident.

15.    On January 19 or 20, 2022, concerned that management was not taking appropriate steps to curb the unsafe practices of employees, Vanderhorst contacted MIOSHA. (Exhibit 1).

16.    On January 24, 2022, a MIOSHA representative wrote Vanderhorst seeking additional details about his complaint. (Exhibit 2).

17.    On or about January 26, 2022, Vanderhorst met with members of management at CPM. Several topics were discussed, including facility safety.

18.    On January 28, 2022, Vanderhorst was terminated by defendant.

19.    Jeremy Sparks, a cell leader and product lines specialist, contacted Vanderhorst via text message, on behalf of management to convey the decision to terminate Vandershorst.

20.    Sparks stated: "Hey. Hate to do this over a text message. Had a meeting with Will Jim and janik (sic). They feel it's best if the company parts ways with you. Please

reach out to Will with any questions and to setup a time to get your box. Sorry to loose you Josh. You are an amazing machinist." (Exhibit 3).

21.   When Vanderhorst asked for the reason given for the termination, Sparks wrote: "They feel you are not a team player." (Id.)

22.   Defendant CPM has a progressive discipline policy, providing for a written warning, a second written warning, and three days off without pay for "objectionable or unfavorable conduct or poor performance" before termination. (Exhibit 4).

23.   Vanderhorst had not received any discipline pursuant to CPM's disciplinary policy before he was terminated.

24.   CPM's failure to follow its progressive discipline policy, the timing of Vanderhort's termination, and the reason CPM offered for plaintiff's termination: "that he was not a team player," is evidence showing that the termination was motivated by or in response to his MIOSHA complaint. Vanderhorst acted at all times for the benefit of his employer and promoted safety among his co-workers. Vanderhorst was first accused of not acting as a team player only after he contacted MIOSHA.

25.   Plaintiff was harmed as a result of defendant's termination of his employment.

**COUNT I**
**VIOLATION OF WHISTLEBLOWERS' PROTECTION ACT**
**(Termination for Reporting a Suspected Violation of Law)**

26.   Plaintiff Vanderhorst incorporates by reference paragraphs 1 through 25 as fully set forth herein.

27.   Vanderhorst, as a person who performed a service for wages, was a covered "employee" under the Whistleblowers' Protection Act, MCL 15.361(a).

28.     Defendant CPM had 1 or more employees and was a covered "employer" under the Whistleblowers' Protection Act, MCL 15.361(b).

29.     MIOSHA is a public body as defined by MCL 15.361.

30.     Vanderhorst reported a suspected violation of a law, rule, or regulation to MIOSHA.

31.     Defendant was aware of the MIOSHA complaint.

32.     Defendant violated the Whistleblowers' Protection Act when it terminated Vanderhorst's employment because he "report[ed] or [was] about to report, verbally or in writing, a violation or a suspected violation of a law or regulation or rule promulgated pursuant to law of this state," or because was "requested by a public body to participate in an investigation, hearing, or inquiry held by that public body."  MCL 15.362.

WHEREFORE, plaintiff respectfully requests this court to enter a judgment in his favor and against Defendant as follows:

A.     Legal Relief

   (1)     Compensatory damages in whatever amount he is found to be entitled;

   (2)     A judgment for lost wages, past and future, in whatever amount he is found to be entitled;

   (3)     An award for the value of lost fringe benefits, past and future;

   (4)     An award of interest, costs, reasonable attorney fees and expert witness fees.

B.     Equitable Relief

   (1)     An order compelling CPM to reinstate Vanderhorst to his former position;

(2)     An injunction prohibiting any further acts of wrongdoing, discrimination, or retaliation;

(3)     Whatever other equitable relief appears appropriate at the time of final judgment.

BOS & GLAZIER, P.L.C.
Attorneys for Plaintiff

Dated: April 22, 2022          By:    /s/ Bradley K. Glazier
                                        Bradley K. Glazier (P35523)
                                        Robert M. Howard (P80740)

BUSINESS ADDRESS:
        990 Monroe Avenue, N.W.
        Grand Rapids, MI 49503
        (616) 458-6814

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF GRAND TRAVERSE

_____

JOSHUA VANDERHORST,                          Case No.  22-              -CZ

        Plaintiff,                                      HON.

v

CPM ACQUISITION CORP
d/b/a CENTURY EXTRUSION,

        Defendant.
_____/

Bradley K. Glazier (P35523)
Robert M. Howard (P80740)
BOS & GLAZIER, P.L.C.
Attorneys for Plaintiff
990 Monroe Avenue, N.W.
Grand Rapids, MI 49503
(616) 458-6814


_____/

**JURY DEMAND**

      Plaintiff Joshua Vanderhorst, by his attorneys, Bos & Glazier, P.L.C., requests a trial

by jury.

                          BOS & GLAZIER, P.L.C.
                          Attorneys for Plaintiff

Dated: April 22, 2022                     By:  _/s/ Bradley K. Glazier_____
                          Bradley K. Glazier (P35523)
                          Robert M. Howard (P80740)

                         BUSINESS ADDRESS:
                          990 Monroe Avenue, N.W.
                          Grand Rapids, MI 49503
                          (616) 458-6814

00151596.WPD                                        7

# Exhibit 1

00124632.WPD

Enter ZIP Code: 49686     |     **Reset**

Report Type: **MIOSHA GISHD COMPLAINT**

Date Received: **01/20/2022**        UPA #: **1856261**

Name of Firm: **Century Extrusion**        NAICS: **331318**

City: **Traverse City**        County: **Grand Traverse**

Safety Officer: **Vacant B**        Health District: **2**

Clerical: **Casey**        Flagged Employer's Log (MVPP Log): **No**

On-Site Inspection: **No**        Letter Insp: **No**        **Safety**        **Select One**

On Programmed Inspection List: **No**        If yes, conduct assignment now: **Select One**

Prior UPA or I&I:

Special Instructions:

Send need more information letter.

What was the maintenance/repair being done on the CNC machine that required lockout?
What was maintenance working on to have an arc from 440 volts?
Please indicate the specific machine or equipment and the area.

Hazard Description:

Date: **01/20/2022**        Initials: **ac**        Heads Up Notification Required: **No**

**REVEAL COMPLAINANT NAME: No**        DATE GIVEN TO MANAGER:        **01/20/2022**

**10 WORKING DAYS AFTER MIOSHA RECEIPT:**        **02/03/2022**

**Wertman, Suzanne (LEO)**

| | |
|---|---|
| **From:** | OSHA - Complaints - LANSING (F046) <Complaints.F046@dol.gov> |
| **Sent:** | Thursday, January 20, 2022 9:18 AM |
| **To:** | Rocskay, Adrian (LEO); DeMott, Leanne (LEO); Wertman, Suzanne (LEO); Timmer, Rebecca (LEO); Gretzner, Elissa (LEO) |
| **Subject:** | FW: 43126492 EMPLOYEE COMPLAINT |

CAUTION: This is an External email. Please send suspicious emails to abuse@michigan.gov

Best Regards,

Alek Doumitt
Industrial Hygienist
Compliance Safety and Health Officer

(o) +1 (715) 832 9019
(w) +1 (715) 461 6527
Doumitt.Charles.A@dol.gov

-----Original Message-----
From: Complaint@dol.gov <Complaint@dol.gov>
Sent: Wednesday, January 19, 2022 8:57 PM
To: OSHA - Complaints - LANSING (F046) <Complaints.F046@dol.gov>
Subject: 43126492 EMPLOYEE COMPLAINT

Please contact ▇▇▇▇▇▇▇ via
Phone: ▇▇▇▇

Mailing Address
-------------------------------------

-------------------------------------

Email: ▇▇▇▇▇▇▇@yahoo.com

within 5 working days of 19-JAN-22.

Below is the complaint information
========================================================

------------------------------------------------------------------------

MICHIGAN

Lansing Area Office
U.S. Department of Labor
Occupational Safety and Health Administration
315 W. Allegan Street
Suite 207
Lansing, Michigan 48933
(517) 487-4996
(517) 487-4997 FAX

------------------------------------------------------------------------

Establishment Name:          Cpm century extrusion
Site Street:              2412 W AERO PARK CT
Site City:               TRAVERSE CITY
Site State:              Michigan
Site Zip:               49686-9102

Mailing Address:           2412 W AERO PARK CT
Telephone Number:           2315700341
Type of Business:          Manufacturing

Hazard Description:
------------------------------------------------------------------------
No lock/tag on cnc machine being worked on. Late 2021 at least █ people. No good covid procedure. Current, probably
50-100 people.
Maintenance arced 440v late 2021.
------------------------------------------------------------------------

Hazard Location:
------------------------------------------------------------------------
2412 w aero park ct
------------------------------------------------------------------------

This condition has previously been brought to the attention of:
* The employer

I am a current employee.

Do NOT reveal my name to my employer.

Complainant Name:           ███████████  [NOT SIGNED]
   (Complainant did not check the electronic signature checkbox
   to indicate this submission shall be considered as having
   an authorized written signature.)

Complainant Telephone Number:       ████████

Complainant Mailing Address

2

------------------------------------

[redacted]

------------------------------------

Complainant Email:              ███████████ @yahoo.com

# Exhibit 2

00124632.WPD



**GRETCHEN WHITMER**
**GOVERNOR**

**STATE OF MICHIGAN**
**DEPARTMENT OF LABOR AND ECONOMIC OPPORTUNITY**
**MICHIGAN OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION**

**BARTON G. PICKELMAN**
**DIRECTOR**

January 24, 2022

Complaint#: 1856261

Mr. Josh Vanderhorst
2410 Inman Rd SW
South Boardman, MI 49680

Dear Mr. Vanderhorst:

The Michigan Occupational Safety and Health Administration (MIOSHA), General Industry Safety and Health Division has recently reviewed your report of alleged hazards against Century Extrusion.

So that we may better understand the allegations in your complaint, we are requesting a more detailed description of the hazard. Specifically, can you please provide us the following information? What was the maintenance/repair being done on the CNC machine that required lockout? What was maintenance working on to have an arc from 440 volts? Please indicate the specific machine or equipment and the area? This information will help us to properly process your complaint and determine the appropriate course of action. We look forward to your response.

Your concern about occupational safety and health conditions at this establishment is appreciated.

If you have any questions, please contact me at (517) 284-7750.

Sincerely,

*Al Cudney*

Al Cudney
Safety and Health Manager

AC:cs
Enclosure: Complaint Form

# Exhibit 3

00124632.WPD

1:09

Jeremy

I get it. Let me get back with you man.

11:46 AM

And just to be clear I still don't want to be fired either. If you say I have to come to the meeting, I will.

12:01 PM

I know for sure....

12:01 PM

Hey. Hate to do this over a text message. Had a meeting with Will Jim and janik. They feel it's best if the company parts ways with you.  Please reach out to Will with any questions and to setup a time to get your box.  Sorry to loose you Josh. You are an amazing machinist.

1:03 PM

Wow ok. I'm sorry too. What's the reason

1:06 PM

They feel you are not a team player.

1:08 PM

# Exhibit 4

00124632.WPD

## RULES OF MEMBER CONDUCT

The purpose of the RULES OF MEMBER CONDUCT section is to help members understand management's conduct expectations.

## DISCIPLINE

CPM Century Extrusion hopes that members will "self-discipline" themselves so that it will be unnecessary for supervision to do so. The vast majority of our members observe standards of common honesty, decency, and responsible behavior. However, objectionable or unfavorable conduct or poor job performance will not be permitted and will result in disciplinary action including any of the following, depending upon Century Extrusion's judgment of the severity of the infraction and the member's responsibility.

1. First written warning.

2. Second written warning.

3. Three days off without pay.

4. Termination of employment.

Serious infractions may warrant suspension or termination. Repeated infractions of a less serious nature may result in progressively more serious disciplinary actions. The use of a series of disciplinary actions does not limit Century Extrusion's ability to discipline and, if judged necessary, discharge any member, nor does it infer a change in Employment Status at the Company.